# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **DECHARLA D. BLACKBURN,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 5:24-cv-01408-MHH |
| **ALAVEST, LLC, et al.,** | } |
| **Defendants.** | } |

## MEMORANDUM OPINION AND FINAL ORDER

*Pro se* plaintiff DeCharla D. Blackburn has sued defendants Alavest, LLC; Carrington Mortgage Services, LLC; the Madison County Sheriff's Department; and Madison County Circuit Court Judge Karen Hall. (Docs. 1, 9, 11). Ms. Blackburn's claims concern a property foreclosure in Harvest, Alabama and her eviction from the property. (Doc. 9).[1] Each defendant has moved to dismiss this action. (Docs. 19, 20, 23, 25).

---

[1] Ms. Blackburn filed her initial complaint on October 16, 2024. (Doc. 1). The Court instructed Ms. Blackburn to amend her complaint because her complaint did not contain a viable federal claim under § 1983. (Doc. 8). Ms. Blackburn amended her complaint on February 14, 2025. (Doc. 9). Without leave of Court, Ms. Blackburn filed a second amended complaint and added Carrington Mortgage Services as a defendant. (Doc. 11). Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, after a party amends a pleading once, that party may amend its pleading again "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Ms. Blackburn neither obtained the defendants' written consent nor sought or received leave of court before filing her second amended complaint. Therefore, the Court strikes Doc. 11 and dismisses Ms. Blackburn's claims against Carrington.

\*\*\*

Under Rule 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the "liberal pleading standards set forth by Rule 8(a)(2)." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pursuant to Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555).

Federal courts must "show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (italics omitted). Courts must liberally construe documents filed *pro se* litigants, and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotations omitted). Still, a district court may not "serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *Williams, Scott & Assocs. LLC v. United States*, 838 Fed. Appx. 501 (11th Cir. 2021) (per curiam) (quoting *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014)).

When evaluating a Rule 12(b)(6) motion to dismiss, a district court accepts as true the factual allegations in the complaint and construes the allegations in the light most favorable to the plaintiff, *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018), but "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations," *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). Although a district court generally must consider only the factual allegations in a complaint when evaluating a motion to dismiss, when a complaint concerns a documented financial transaction such as a mortgage, a court may consider the documents concerning the transaction without converting a motion to dismiss into a motion for summary judgment. *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 (11th Cir. 2015) ("[A] district court may consider an extrinsic document even on Rule 12(b)(6) review if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged."). A district court also may take judicial notice of court records. *Horne v. Potter,* 392 Fed. Appx. 800, 802 (11th Cir. 2010) ("The district court properly took judicial notice of the documents in [plaintiff's] first case...."); *Springer v. Wells Fargo Bank, N.A.*, 784 Fed. Appx. 721, 726 (11th Cir. 2019) (courts may take judicial notice of mortgage, foreclosure, and tax liability documents when those materials were either filed in state foreclosure proceedings and therefore constitute public records or provided by mortgagors); *Talley v. Columbus, Ga. Hous. Auth.,* 402 Fed. Appx. 463, 465 n.4

(11th Cir. 2010) ("Although the district court was ruling on a motion to dismiss, the court properly examined extrinsic documents detailing [plaintiff's] previous state and federal court cases that related to the condemnation of his property: the cases were central to [plaintiff's] instant federal claim."). Accordingly, the Court views Ms. Blackburn's factual allegations in the light most favorable to her and considers the mortgage documents that the defendants have placed in the record and state court records concerning the property at issue. (Doc. 23-1, pp. 18–56, 62–63).

***

On June 16, 2011, Ms. Blackburn bought the property located at 119 Brooklawn Drive, Harvest, Alabama 35749. (Doc. 9, p. 3, ¶ 1). Ms. Blackburn obtained a loan from Consumer First Property, Inc. to buy the property, and she gave Consumer First a mortgage interest in the property. (Doc. 23-1, pp. 19–27). Carrington Mortgage Services, LLC later was assigned the mortgage. (Doc. 23-1, p. 52). After Ms. Blackburn defaulted on the mortgage, Carrington foreclosed on the property and sold it to Alavest, LLC. (Doc. 23-1, p. 54–56). Two months later, Alavest filed an ejectment action in the Circuit Court of Madison County, Alabama. (Doc. 23-1, pp. 11–17). Madison County Circuit Judge Karen Hall issued a default judgment against Ms. Blackburn and the other individual who resided at the property. (Doc. 23-1, pp. 62–63). The Madison County Sheriff's Department evicted Ms. Blackburn from the property. (Doc. 9, pp. 3, 5, ¶ 4).

\*\*\*

This is not the first action that Ms. Blackburn has filed in state or federal court concerning the property. *See*, *e.g.*, *Blackburn v. Alavest, LLC*, Case No. 5:23-cv-00250-CLS, N.D. Ala.; *Blackburn v. McPhail*, No. 5:23-CV-923-CLM, 2024 WL 2303734 (N.D. Ala. May 21, 2024); *Blackburn v. Alavest LLC*, Case No. 47-CV-2023-000089.00, Madison Cnty. Circuit Ct.; *Blackburn v. Carrington Mortg. Servs., LLC*, Case No. 47-CV-2025-000101.00, Madison Cnty. Circuit Ct.

In *Blackburn v. McPhail*, Ms. Blackburn sued sixteen individuals and entities; her claims concerned the foreclosure of the mortgage on the Harvest property and her eviction from the property. *Blackburn*, 2024 WL 2303734, at \*1. Among others, Ms. Blackburn sued Bruce Rose of Carrington Mortgage Services, LLC, Jason Tatum and Jeffrey Tatum of Alavest, LLC, and Judge Hall. *Blackburn*, 2024 WL 2303734, at \*1. Relying on the *Rooker–Feldman* doctrine, the district court dismissed Ms. Blackburn's claims because relief in the federal action would have undermined the state court's judgment in the underlying ejectment proceeding. *Blackburn*, 2024 WL 2303734, at \*3.[2]

---

[2] The *Rooker–Feldman* doctrine derives from two Supreme Court decisions: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Under the doctrine, federal district courts lack authority to consider "cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The Court held that claims not subject to the *Rooker–Feldman* doctrine were not pleaded adequately. *Blackburn*, 2024 WL 2303734, at *5. Therefore, the Court dismissed all of Ms. Blackburn's claims. *Blackburn*, 2024 WL 2303734, at *5; *see Blackburn v. McPhail*, No. 5:23-CV-923-CLM, Docs. 137, 138.[3] For the same reason, Ms. Blackburn's claims against Carrington, Alavest, and Judge Hall in this action fail under the *Rooker–Feldman* doctrine.

\*\*\*

Ms. Blackburn's claim against the Madison County Sheriff's Department is not viable because "[s]heriff's departments and police departments are not usually considered legal entities subject to suit." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). "Under Alabama law, a county sheriff's department lacks the capacity to be sued." *Dean*, 951 F.2d at 1215. As a result, the Court dismisses the Madison County Sheriff's Department as a defendant.

---

[3] With respect to Judge Hall and another state court judge Ms. Blackburn sued in *McPhail*, the Court explained that "the state judges hav[e] judicial immunity" and that the "doctrine of 'judicial immunity' grants judicial officers absolute immunity for actions taken within the legitimate scope of judicial authority." *Blackburn v. McPhail*, No. 5:23-CV-923-CLM, 2024 WL 2303734, at *5, *5 n.2 (citing *Nezbeda v. Liberty Mutual Insurance Corp. (LIC)*, 306 F. Supp. 3d 1335, 1346–47 (N.D. Ga. 2017)). For this reason, Judge Hall is immune from Ms. Blackburn's claims in this case for the decisions she made with respect to the foreclosure proceedings. *See Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'") (citations omitted).

\*\*\*

For the reasons discussed above, the Court grants the defendants' motions to dismiss. The Court dismisses Ms. Blackburn's claims against Carrington because it is not a proper party and because any claim against the company is barred by the *Rooker-Feldman* doctrine. The Court dismisses the claims against Alavest under the *Rooker-Feldman* doctrine and the claims against Judge Hall under that doctrine and the doctrine of judicial immunity. The Court dismisses the claims against the Madison County Sheriff's Department because it is not a proper party.

The Clerk of the Court shall please TERM Docs. 19, 20, 23, 25, 34, 35, 36, 37, 39, 40, 44, 52, 53, 62, 63 and close this case.

**DONE** and **ORDERED** this February 27, 2026.

_____
MADELINE HUGHES HAIKALA
UNITED STATES DISTRICT JUDGE